UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE:                                                                                   CIVIL ACTION

SARAH REVA KAYE                                                            No. 11-1674

                                                                                              SECTION "I"


## ORDER AND REASONS

Before the Court is an appeal of an order of the U.S. Bankruptcy Court for the Eastern District of Louisiana ("bankruptcy court") filed by appellant, Orrill, Cordell & Beary, L.L.C. ("OCB"), special counsel for Barbara Rivera-Fulton ("the trustee"), trustee of the bankrupt estate of Sarah Reva Kaye ("the debtor"). Appellees, Neal W. Kaye, Jr. and Susan Patricia Kaye Knight, have filed a response. For the following reasons, the matter is **REMANDED** to the bankruptcy court for further articulation of its reasoning.

### *BACKGROUND*

The debtor and Malcolm J. Rebennack ("Rebennack") were previously married between March 25, 1987 and April 21, 1994.[1] A judgment of divorce between the debtor and Rebennack was entered on January 29, 1995, terminating the community effective April 21, 1994.[2] The debtor filed for bankruptcy on May 1, 2009. At that time, certain community property had yet to be partitioned and remained in Rebennack's control.[3]

---

[1] R. Doc. No. 3, p. 7.
[2] 2:10-ap-1089, R. Doc. No. 1, p. 3.
[3] R. Doc. No. 3, p. 7.

Eight proofs of claim were filed against the estate.[4] Claim 1, totaling $58,066.63, was based upon a judgment against the debtor for legal fees owed to Lowe, Stein, Hoffman, Allweiss & Hauver, L.L.P., and this claim was ultimately assigned to Rebennack.[5] Claims 2 through 6 were minor claims totaling $5,095.51.[6] Claim 7, totaling $78,063.08, addressed OCB's claim for legal fees for its pre-bankruptcy representation of the debtor.[7] Finally, claim 8, totaling $275,583.47, concerned the community property dispute between the debtor and Rebennack and included reimbursement claims that Rebennack had against the community.[8]

Following the debtor's filing of her bankruptcy petition, the trustee filed an application to have OCB appointed as special counsel for the estate.[9] Rebennack opposed OCB's appointment as special counsel in light of appellant's prior representation of the debtor.[10] Consequently, the bankruptcy court gave OCB a choice: OCB could either waive its claim against the estate and be appointed special counsel, or OCB could maintain its claim for $78,063.08 and it would not be appointed as special counsel for the estate.[11] OCB chose the former, agreeing to withdraw its claim.[12] Thereafter, the bankruptcy court approved OCB's appointment as special counsel.[13]

Acting as counsel for the estate, OCB presented a proposed settlement to the bankruptcy court for approval regarding the community property in dispute in the adversary proceeding.[14] The parties stipulated that the value of community property equaled $400,000.00.[15] The

---

[4] R. Doc. No. 3, p. 7.
[5] R. Doc. No. 3, p. 8.
[6] R. Doc. No. 3, p. 7.
[7] R. Doc. No. 3, p. 8.
[8] R. Doc. No. 3, p. 8.
[9] 2:09-bk-11300, R. Doc. No. 37.
[10] 2:09-bk-11300, R. Doc. No. 40.
[11] R. Doc. No. 3, p.9.
[12] R. Doc. No. 3, p.9.
[13] 2:09-bk-11300, R. Doc. No. 50.
[14] 2:09-bk-11300, R. Doc. No. 57, ex. A.
[15] 2:09-bk-11300, R. Doc. No. 57, ex. A.

proposed settlement provided that rather than Rebennack paying $400,000.00 into the estate, and the estate then paying Rebennack $200,000.00 on his reimbursement claim, Rebennack would simply pay $200,000.00 to the estate in a structured payment.[16] Additionally, the proposed settlement called for OCB to receive one-third of $400,000.00 (a total of $133,333.33) in attorney's fees.[17]

The bankruptcy court approved the terms of the settlement, but denied OCB's requested attorney's fees and ordered OCB to submit a separate fee application.[18] OCB's subsequent fee application again requested $133,333.33 in attorney's fees.[19] Ultimately, the bankruptcy court awarded OCB one-third of the net $200,000.00 available for distribution to creditors (a total of $66,666.67 in attorney's fees).[20]

OCB argues that the bankruptcy court erred in calculating its one-third contingency fee based on the $200,000.00 available for distribution to creditors, rather than the community's total value of $400,000.00.[21] OCB specifically argues that the bankruptcy court "erred by concluding that the entire community estate was not property of the bankruptcy estate pursuant to [11 U.S.C. §] 541 of the Bankruptcy Code because the debtor was not going to receive a discharge."[22] OCB asserts that it should have been awarded one-third of the total value of the community as predicated on the language of 11 U.S.C § 541 ("§ 541").[23] Consequently, OCB contends that the

---

[16] 2:09-bk-11300, R. Doc. No. 57, ex. A.
[17] 2:09-bk-11300, Doc. No. 57, ex. A.
[18] 2:09-bk-11300, R. Doc. No. 63.
[19] 2:09-bk-11300, R. Doc. No. 65.
[20] 2:09-bk-11300, R. Doc. No. 70.
[21] R. Doc. No. 3, p. 5.
[22] R. Doc. No. 3, p. 5.
[23] R. Doc. No. 3, p. 9 ("[I]t was OCB's understanding that any attorney's fee awarded would be based on the whole or gross value of the community – not the Debtor's portion alone.").

3

bankruptcy court committed legal error by misapplying § 541 when calculating the total value of the estate.[24]

Appellees respond that the bankruptcy court properly calculated OCB's contingency fee based on the net amount recovered for the estate.[25]

*LAW AND ANALYSIS*

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a U.S. Bankruptcy Court entered consistent with 28 U.S.C. § 157.  28 U.S.C. § 158(a)(1); *see also In re Crescent City Capital Dev. Corp.*, 1997 WL 90976, at *1 (E.D. La. Feb. 28, 1997) (Duval, J.).  With respect to attorney's fees, a district court reviews such an award for abuse of discretion.  *In re Coho Energy Inc.*, 395 F. 3d 198, 204 (5th Cir. 2004) (citations omitted).  The legal conclusions that guided the bankruptcy court's determinations are reviewed *de novo*.  *Id.*

When sitting as an appellate court, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings."  Bankr. R. 8013.  When an appellate court has "no notion of the basis for a [lower] court's decision because its reasoning is vague or simply left unsaid, there is little opportunity for effective review."  *Liberty Mutual Ins. Co. v. Brown*, 86 Fed. App'x 718, 219 (5th Cir. 2004) (citing *McInrow v. Harris County*, 878 F.2d 835, 836 (5th Cir.1989)).  "In such cases, [the appellate court has] not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons."  *Id.* (citing *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984) (remand appropriate where lower court's reasoning is vague or

---

[24] R. Doc. No. 3, pp. 15-18.
[25] R. Doc. No. 6, p. 12.

simply left unsaid)); *see also Thule Drilling ASA v. Schimberg*, 290 Fed. App'x 745, 747 (5th Cir. 2008) (remand appropriate where the appellate court was "uncertain about the rationale for the [lower] court's decision").

The bankruptcy court's orders in this matter are silent with respect to the basis for calculating OCB's one-third contingency fee. First, the trustee's "Application to Employ Special Counsel" does not address how to calculate OCB's one-third contingency fee.[26] Consequently, when the bankruptcy court authorized the trustee to employ OCB as special counsel and stated that, "IT IS FURTHER ORDERED that OCB's proposed one-third contingency fee is hereby APPROVED," the court did not set forth or incorporate by reference the basis upon which the contingency fee would be calculated.[27] Further, when OCB presented the proposed settlement to the bankruptcy court, the agreement called for OCB to receive one-third of $400,000.00.[28] The court denied that portion of OCB's motion without explanation and it ordered OCB to submit a separate fee application regarding attorney's fees.[29] OCB's subsequent fee application reiterated the firm's demand for one-third of $400,000.00.[30] The bankruptcy court held a hearing on OCB's fee application on June 7, 2011, and entered an order approving attorney's fees in the amount of $66,666.67 on June 9, 2011 (one-third of $200,000.00).[31] The June 9, 2011 order does not explain the court's reasoning for approving $66,666.67 in attorney's fees.

OCB directs the Court to the transcript of the June 7, 2011 proceedings wherein the bankruptcy court heard argument regarding OCB's fee application.[32] OCB argues that the

---

[26] 2:09-bk-11300, R. Doc. No. 37.
[27] 2:09-bk-11300, R. Doc. No. 50.
[28] 2:09-bk-11300, R. Doc. No. 57.
[29] 2:09-bk-11300, R. Doc. No. 63.
[30] 2:09-bk-11300, R. Doc. No. 65.
[31] 2:09-bk-11300, R. Doc. No. 70.
[32] R. Doc. No. 3-1.

transcript establishes that the bankruptcy court erroneously interpreted § 541.[33]  However, while counsel and the court discuss § 541, at the end of the hearing the court states, "[b]ut, no, I'm not doing this.  I set fees.  I set them on contingency basis.  Sometimes you win, sometimes you lose.  That's what contingencies are about.  So, I will award the contingency fee based on the amounts that were recovered for the estate which is the $200,000."[34]

Based on the above quoted exchange, this Court cannot determine whether the bankruptcy court applied § 541, misapplied § 541, or declined completely to consider § 541 when calculating OCB's contingency fee.[35]  If the bankruptcy court did in fact apply § 541, it did not adequately explain its application of the facts to the statutory language.  As a result, the cold hearing transcript does not set forth with sufficient particularity the reasoning for the bankruptcy court's decision to calculate OCB's contingency fee as one-third of $200,000.00.[36]

### *CONCLUSION*

For the reasons stated above,

---

[33] 11 U.S.C. § 541 states that:
   (a) The commencement of a case under section 301, 302, 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:
      (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
      (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is –
         (A) under the sole, equal, or joint management and control of the debtor; or
         (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
         . . .

[34] R. Doc. No. 3-1, p. 10.

[35] The record also does not indicate whether the bankruptcy court, when awarding such attorney's fees, considered 11 U.S.C. § 328 or 11 U.S.C. § 330.

[36] This Court expresses no opinion on the merits of OCB's argument that it is entitled to attorney's fees in the amount of one-third of $400,000.00.

**IT IS ORDERED** that this matter is **REMANDED** to the U.S. Bankruptcy Court for the Eastern District of Louisiana for further explanation for its reasoning with respect to the aforementioned issues.

New Orleans, Louisiana, October 18, 2011.

                                                                    _____
                                                                    LANCE M. AFRICK
                                                                    UNITED STATES DISTRICT JUDGE