UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                              CIVIL ACTION

SARAH REVA KAYE                                      No. 11-1674

SECTION "E"

ORDER AND REASONS

Before the Court is an appeal of an order of the U.S. Bankruptcy Court for the Eastern District of Louisiana ("bankruptcy court") filed by appellant Orrill, Cordell & Beary, L.L.C. ("OCB"), special counsel for Barbara Rivera-Fulton ("the trustee"), trustee of the bankrupt estate of Sarah Reva Kaye ("the debtor").[1] The parties briefed their arguments and this Court remanded the case for clarification of the bankruptcy court's ruling.[2] Following remand, the bankruptcy court entered an order with additional reasons and findings of fact.[3] OCB has filed a brief in support of its appeal,[4] and Neal W. Kaye, Jr. and Susan Patricia Kaye Knight ("the appellees") have filed a response.[5] OCB filed a reply brief.[6] For the following reasons, the order of the bankruptcy court is **REVERSED** and **REMANDED**.

---

[1] R. Doc. 1.

[2] R. Doc. 9.

[3] R. Doc. 10.

[4] R. Doc. 12.

[5] R. Doc. 13.

[6] R. Doc. 14.

1

## BACKGROUND

The debtor was married to Malcolm J. Rebennack ("Rebennack") between March 25, 1987 and April 21, 1994.[7] A judgment of divorce was entered on January 29, 1995, terminating the community property regime between the debtor and Rebennack effective April 21, 1994.[8] Fifteen (15) years after the termination of the community, debtor filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code on May 1, 2009.[9] Certain former community property owned by the debtor and her former husband Rebennack had yet to be partitioned when the debtor filed for bankruptcy.[10] Rebennack retained control of these assets, primarily rights to songs, recordings and lyrics.[11]

After the debtor filed for bankruptcy, only eight proofs of claim were filed against the estate.[12] Rebennack filed Claim 8 (for $143,516.23), representing one half of the community debts existing as of 1994 that had since been satisfied by Rebennack, plus an additional claim for other post-divorce debts owed to him by the debtor.[13] Claim 1 (for $58,066.63), based upon a judgment for legal fees owed by the debtor to Lowe, Stein, Hoffman Allweiss & Hauver L.L.P. for post-divorce legal services, ultimately was acquired by Rebennack

---

[7] R. Doc. 10, p. 1.

[8] R. Doc. 10, p. 1.

[9] 2:09-bk-11300, R. Doc. 1.

[10] R. Doc. 10, p. 1.

[11] R. Doc. 10, p. 1.

[12] R. Doc. 10, p. 3.

[13] R. Doc. 10, p. 3. Rebbanack's claim stated that he satisfied $275,832.47 in debts on behalf of the community, and that he was owed half of that sum ($137,916.47). Rebennack claimed an additional $5,600 for separate debts owed to him by the debtor long after their divorce. Together, his claim totaled $143,516.23. The bankruptcy court erroneously characterized the entire $143,516.23 as community debts paid by him with his separate funds.

2

during the bankruptcy proceeding.[14] Claims 2 through 6 represented the debtor's post-divorce obligations.[15] Claim 7 (for $78,063.08) was OCB's claim for legal fees for its representation of the debtor post-divorce but before she filed for bankruptcy.[16]

After filing for bankruptcy, the trustee filed an application to have OCB appointed as special counsel for the estate.[17] Because of OCB's prior representation of the debtor, Rebennack opposed the trustee's application.[18] Ultimately, OCB withdrew its Claim 7 and the bankruptcy court approved its appointment as special counsel.[19]

A settlement was then entered in which the debtor and Rebennack agreed that the former community, after crediting Rebennack for the community debts he satisfied, was valued at $400,000.[20] The settlement provided that Rebennack was to pay to the estate the debtor's half of the $400,000.[21] The settlement failed to state the amount of the credit to Rebennack for the community debts he satisfied, but the language appears to be a reference to the amount included in Claim 8 ($137,916.47).

The settlement also included a provision calculating OCB's contingency fee based upon one-third of $400,000 (a total of $133,333.33).[22] The bankruptcy court accepted the

---

[14] R. Doc. 10, p. 3.

[15] R. Doc. 10, p. 3.

[16] R. Doc. 10, p. 3.

[17] 2:09-bk-11300, R. Doc. 37.

[18] 2:09-bk-11300, R. Doc. 40.

[19] 2:09-bk-11300, R. Doc. 50.

[20] 2:09-bk-11300, R. Doc. 57, Exhibit A.

[21] 2:09-bk-11300, R. Doc. 57, Exhibit A.

[22] 2:09-bk-11300, R. Doc. 57, Exhibit A.

terms of the settlement, but denied OCB's request for attorneys fees and required it to submit a separate fee application.[23] Ultimately, the bankruptcy court awarded OCB one-third of $200,000 (for a total of $66,666.67).[24]

OCB appealed the bankruptcy court's ruling, arguing that under 11 U.S.C. § 541(a)(2) ("Section 541(a)(2)"), the court should have calculated its one-third contingency fee based upon the total value of the former community property ($400,000) rather than the debtor's one-half ($200,000).[25] This Court first remanded OCB's appeal for the bankruptcy court to clarify its reasoning and grounds for calculation of the contingency fee.[26] On remand, the bankruptcy court held that Section 541(a)(2) did not apply because the debtor and Rebennack were no longer married and because the community property regime had terminated.[27] The bankruptcy court also held that Section 541(a)(2) was inapplicable because none of the remaining claims against the estate, representing the debtor's post-divorce obligations, could be asserted against Rebennack's portion of the settlement.[28]

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear OCB's appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a U.S. bankruptcy court entered under 28 U.S.C. § 157. With respect to attorney's fees, a district

---

[23]2:09-bk-11300, R. Doc. 63.

[24]2:09-bk-11300, R. Doc. 70.

[25]R. Doc. 1.

[26]R. Doc. 9.

[27]R. Doc. 10.

[28]R. Doc. 10.

4

court reviews such an award for abuse of discretion. *In re Coho Energy Inc.*, 395 F. 3d 198, 204 (5th Cir. 2004); *In re Barron*, 225 F.3d 583, 585 (5th Cir. 2000); *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994). However, we review the legal conclusions that guided the bankruptcy court's determination *de novo*. *In re Barron*, 225 F.3d at 585 (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). Accordingly, we must review the lower court's determinations of law *de novo*. *In re Coho Energy, Inc.*, 395 F.3d at 204.

## LAW AND ANALYSIS

The bankruptcy court found as a matter of law that Section 541(a)(2) did not apply because the debtor and Rebennack were divorced and the property co-owned between them was no longer classified as community property. This is contrary to the ruling of the Fifth Circuit in *Anderson v. Conine* (*In re Robertson*), 203 F.3d 855 (5th Cir. 2000), in which that court held:

> According to the relevant court decisions we have found, "community property" as used to define property of the estate in section 541(a)(2) includes community property and former community property that has not been partitioned as of the petition date but does not include former community property which has been divided and reclassified as separate property by state law before that date. Courts addressing the issue have held that community property which has not been legally divided as of the commencement of the bankruptcy case passes to the debtor's estate. *See In re Mantle*, 153 1082, 1085 (9th Cir. 1998) (citing *Keller v. Keller* (*In re Keller*), 185 B.R. 796 (B.A.P. 9th Cir. 1995)); *McCoy v. Bank of America* (*In re McCoy*), 111 B.R. 276 (B.A.P. 9th Cir. 1983); *Miller v. Walpin* (*In re Miller*), 167 B.R. 202 (Bankr. C.D. Cal. 1994); *In re Hendrick*, 45 B.R. 976, 983-984 (Bankr. M.D. La. 1985).

*In re Robertson*, 203 F.3d at 861.

Under the Fifth Circuit's ruling in Robertson, the property at issue in this case was "community" for purposes of Section 541(a)(2) and the bankruptcy court's holding on this point was legal error.

5

As an alternative grounds for its decision, in the event the property was community for purposes of this analysis, the bankruptcy court rejected the application of Section 541(a)(2) because "the claims filed against the Estate were all separate obligations of debtor as each was incurred long after the community terminated." Because Rebennack's interest in the undivided community property could not be held liable under Louisiana law for any claims against the debtor, the bankruptcy court held Section 541(a)(2)(B) inapplicable and calculated OCB's attorneys' fee only on the debtor's one-half of the former community. For purposes of the Settlement Agreement, the Trustee and Rebennack agreed that "the gross community (net of community reimbursement claims of Rebennack)" is "Four Hundred Thousand" dollars, and that the "fee of one-third shall be based upon one-third of the gross community of Four-Hundred Thousand Dollars, to wit an attorney's fee of $133,333.33.[29] The bankruptcy court relied upon the agreement of the Trustee and Rebennack that the debtor's one-half of the former community was $200,000 and applied the one-third contingency fee to this amount.

It is true that Subsection 541(a)(2)(B) brings into the estate only community property that is "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(B).[30] The Court agrees that, even though Section 541(a)(2) applies, only the debtor's one-half of the former community was recovered for the estate and OCB's attorneys' fees should be calculated as one-third of that

---

[29] 09-bk-11300, R. Doc. 57, Exhibit A.

[30] A "claim" is defined in Section 101 as a "right to payment." 11 U.S.C. § 101(5)(A). Further, a "right to payment" means "nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (citing *Pennsylvania Dept. of Welfare v. Davenport*, 495 U.S. 552, 559 (1990)).

6

amount. To this extent, the Court affirms the ruling of the bankruptcy court. But this Court does not agree that the bankruptcy court had a sufficient basis for determining, based on record evidence as opposed to the stipulation of the Trustee and Rebennack, that the debtor's one-half of the former community was $200,000. The settlement agreement valued the entire community at $400,000 only *after crediting Rebennack for his reimbursement claim*.[31] The settlement agreement did not specify the value of the debtor's share of former community property *before* any credits to Rebennack for his reimbursement claim. Nor did the settlement agreement clearly articulate the amount of the reimbursement credit to Rebennack. Because of the vague language used in the settlement agreement, the bankruptcy court did not have a sufficient basis for its determination of the value of debtor's one-half of the former community property.

When an appellate court does not have sufficient evidence to reverse and render a lower court's ruling, the appellate court must remand the case for further proceedings. *See In re Vann*, 67 F.3d 277, 284 (11th Cir. 1995). Accordingly, the ruling of the bankruptcy court that OCB's attorneys' fees are one-third of $200,000 is reversed and this matter is remanded to the bankruptcy court for further proceedings in accordance with this decision to determine the value of the debtor's share of the former community property before any credits to Rebennack. That sum is the former community brought into the estate under subsection 541(a)(2)(B), and OCB's one-third contingency is to be applied to that amount.

---

[31] 2:09-bk-11300, R. Doc. 57, Exhibit A.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that order of the U.S. Bankruptcy Court for the Eastern District of Louisiana is **REVERSED** and the matter is **REMANDED** to the bankruptcy court for further proceedings in accord with this order.

New Orleans, Louisiana, this __23rd__ day of September, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**